**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES DAHLIN; KIMBERLY DAHLIN, | No.  20-16083 |
| Plaintiffs-Appellants, | D.C. No. 2:17-cv-02585-MCE-AC |
| v. | |
| ROSEMARY FRIEBORN; CURT RANSOM; MARILYN JASPER; CASSIE REEVES; KATIE NEWMAN; SHERRY COUZENS; HUMANE SOCIETY OF THE SIERRA FOOTHILLS; FRIENDS OF PLACER COUNTY ANIMAL SHELTER; FRIENDS OF AUBURN/TAHOE VISTA PLACER COUNTY ANIMAL SHELTER; CITY OF AUBURN; AUBURN POLICE DEPARTMENT; DEBBIE NELSON; PHILLIP ISETTA; MICHAEL CROSSON; EDWARD J. FRITZ; THOMAS SHERIFF, DVM; SHANA LAURSEN; ANGELA MCCOLLOUGH, Officer; TUCKER HUEY, Sergeant, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted May 11, 2021
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: THOMAS, Chief Judge, MILLER, Circuit Judge, and RESTANI,** Judge.

Kimberly and James Dahlin appeal from the district court's dismissal of their complaint asserting claims based on the seizure of their dogs and various personal effects. We have jurisdiction under 28 U.S.C. § 1291 and "review *de novo* a district court's decision to grant a motion to dismiss." *Pasadena Republican Club v. Western Just. Ctr.*, 985 F.3d 1161, 1166 (9th Cir. 2021). We affirm in part and reverse in part.

1. To state a claim under 42 U.S.C. § 1983 against the non-municipal defendants, the Dahlins must allege that they acted under color of state law. *See Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010). The Humane Society and its officers concede that they are state actors for purposes of this analysis. But the district court held that the Dahlins failed to plausibly allege that the remaining non-municipal defendants—Cassie Reeves, Katie Newman, Sherry Couzens, Michael Crosson, Shana Laursen, Marilyn Jasper, Dr. Edward Fritz, and the Friends Animal Shelter entities—acted under color of state law. The Dahlins did not raise this issue in their opening brief and therefore forfeited it. *Independent Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

2. The district court erred in dismissing the judicial-deception claim

---

** The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

2

against Rosemary Frieborn based on her omission of material facts from the warrant affidavit. To prevail on a claim for judicial deception, "the plaintiff must (1) establish that the warrant affidavit contained misrepresentations or omissions material to the finding of probable cause, and (2) make a 'substantial showing' that the misrepresentations or omissions were made intentionally or with reckless disregard for the truth." *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011) (quoting *Ewing v. City of Stockton*, 588 F.3d 1218, 1224 (9th Cir. 2009)). We review the district court's finding on materiality de novo and ask "whether the affidavit, once corrected and supplemented, establishes probable cause." *Id.* at 1083–84 (quoting *Ewing*, 588 F.3d at 1224).

The Dahlins plausibly allege that the omission of Dr. Sheriff's account of the dogs' condition was material to the finding of probable cause. Including the opinion of the dogs' treating veterinarian that the dogs were healthy and did not appear neglected or abused would have cast serious doubt on the contrary and less authoritative accounts of the veterinary technicians, and on Frieborn's opinion that she was likely to find evidence of animal cruelty within the meaning of California Penal Code § 597. Indeed, the Placer County District Attorney declined to prosecute the Dahlins because, in his view, "any evidence collected in the execution of the search warrant would be excluded based on the intentional omission of relevant evidence." The Dahlins have sufficiently pleaded that, had the

3

warrant affidavit included the omitted information, the affidavit would not have established "a fair probability that contraband or evidence of a crime [would] be found." *United States v. Ruiz*, 758 F.3d 1144, 1148 (9th Cir. 2014) (alteration in original) (quoting *United States v. DeLeon*, 979 F.2d 761, 764 (9th Cir. 1992)).

Because the Dahlins plausibly allege that Frieborn intentionally omitted material facts from the warrant affidavit, dismissal on the basis of qualified immunity is inappropriate at this stage. *See Chism v. Washington State*, 661 F.3d 380, 393 (9th Cir. 2011); *Butler v. Elle*, 281 F.3d 1014, 1024 (9th Cir. 2002) (per curiam).

3. The district court also erred in dismissing the Dahlins' section 1983 claim against Frieborn, Ransom, and Auburn Police Officers Nelson, Isetta, McCollough, and Huey based on the seizure of property outside the scope of the warrant. *See Brunette v. Humane Soc'y of Ventura Cnty.*, 294 F.3d 1205, 1210 (9th Cir. 2002). To prevail, the Dahlins will eventually need to demonstrate the defendants' precise roles in the alleged constitutional violation. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007). But they plausibly allege that each of these defendants were "integral participant[s]" in the search. *See Boyd v. Benton County*, 374 F.3d 773, 780 (9th Cir. 2004).

The Dahlins plausibly allege that the dogs seized were not abused or neglected or kept in conditions that would lead to further abuse or neglect. If that is

4

true, the dogs' seizure was not authorized by the warrant. The Dahlins also allege with specificity that other items outside the scope of the warrant were seized. *See San Jose Charter of Hells Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962, 972–74 (9th Cir. 2005) (seizure of excessive quantity of "indicia" evidence was unreasonable, even if technically within the scope of the warrant).

Because "the law is clearly established that a search may not exceed the scope of the search warrant," defendants are not entitled to qualified immunity at this stage. *KRL v. Moore*, 384 F.3d 1105, 1117 (9th Cir. 2004).

4. The district court correctly dismissed the Dahlins' claim challenging the search's duration. We agree with the district court that the Dahlins did not explain why spending 12 hours searching the 35-acre, multi-structure property was unreasonable under the circumstances.

5. The Dahlins fail to state a claim based on the search warrant's breadth, to the extent the Dahlins raised that claim before the district court. They do not explain how the search warrant, which identifies seven specific categories of property, is overbroad. The complaint merely alleges, without elaboration, that the warrant is a "general warrant" and does not address the pertinent factors for assessing a warrant's scope. *See Ewing*, 588 F.3d at 1228 (listing factors).

6. The Dahlins forfeited any challenge to the district court's dismissal of their section 1983 claims premised on a violation of the Fourteenth Amendment by

failing to raise that issue in their opening brief. *Independent Towers*, 350 F.3d at 929.

7.     The district court correctly dismissed the Dahlins' section 1983 claims against the City of Auburn, the Auburn Police Department, and the Humane Society, brought under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). The Dahlins waived those claims against the City of Auburn and the Auburn Police Department by conceding before the district court that the complaint "does not expressly allege . . . a *Monell* violation." *See Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1068 (9th Cir. 1999). Regardless, the complaint fails to state a claim for municipal liability against any entity, including the Humane Society, because it identifies no "policy or custom" that led to the alleged constitutional violations. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *see Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

8.     The district court erred in dismissing the claim under California Business & Professions Code § 4857(a) against Dr. Sheriff based on his staff's disclosure of confidential information to a UPS courier. The complaint identifies three specific employees with whom the courier spoke, the approximate timing of those conversations, and the nature of the protected information disclosed, which

6

included information regarding the dogs' surgeries and contact information for the dogs' owners. It is undisputed that the search warrant issued based in part on what the courier learned. These allegations, taken together, "nudge[] the[] claim[] across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Contrary to the district court's determination, the information allegedly disclosed was not limited to "public observations." The staff allegedly provided information to the courier about the dogs' owners, and, in any event, the statute contains no exception that would permit a veterinarian to disclose confidential medical information so long as it is observable.

Still, Dr. Sheriff argues that his employees acted outside the scope of their employment—a "question of fact." *Mary M. v. City of Los Angeles*, 814 P.2d 1341, 1347 (Cal. 1991). But the employees allegedly obtained the confidential information from work, and the information concerned a client and animals the employees encountered at work. The employees also disclosed the information to a courier visiting the clinic, presumably during work hours. Based on the allegations in the complaint, the alleged tort is "engendered by or arise[s] from the [employees'] work." *Lisa M. v. Henry Mayo Newhall Mem'l Hosp.*, 907 P.2d 358, 362 (Cal. 1995); *see generally Farmers Ins. Grp. v. County of Santa Clara*, 906 P.2d 440, 448 (Cal. 1995).

We note that no California court has construed section 4857(a) in a published opinion. The district court may consider the "paucity of state law authority on the precise topic at issue" in determining whether it will continue to exercise supplemental jurisdiction over this claim. *Brigham v. Eugene Water & Elec. Bd.*, 357 F.3d 931, 942 n.19 (9th Cir. 2004).

9.     For those claims that it correctly dismissed, the district court did not abuse its discretion in denying leave to amend the second amended complaint. *See AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). The district court gave the Dahlins multiple opportunities to amend the complaint, yet they failed to address many of its deficiencies and proffered no amendment to remedy them. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013).

**AFFIRMED in part, REVERSED in part, and REMANDED.**

The parties shall bear their own costs on appeal.